

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08CR82

MARK LYNN

### MEMORANDUM OPINION

Mark Lynn, a federal inmate proceeding pro se, submitted this motion and a supporting memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Lynn raises the following claims for relief:

> Claim One:    Trial counsel rendered ineffective assistance by failing to communicate a plea offer.
>
> Claim Two:    Trial counsel rendered ineffective assistance by failing to negotiate a plea offer for Lynn.
>
> Claim Three:  Appellate counsel rendered ineffective assistance for failing to raise an "important Fourth Amendment issue on appeal." (§ 2225 Mot. Attach. C, at 1.)[1]
>
> Claim Four:   "The Court erred when it forced me into pro se status." (Id. Attach. D, at 1.)
>
> Claim Five:   "The Court abused its discretion and violated Lynn's constitutional rights to present a defense and to confront hostile witnesses" when it issued a pretrial ruling limiting trial evidence. (Id. Attach. E, at 1.)

---

[1] The Court corrects the capitalization in quotations from Lynn's submissions.

17/

Claim Six:      Trial counsel rendered ineffective assistance when he failed to object to evidence presented by the Government.

Claim Seven:    "The accumulation of errors in this case violated Lynn's constitutional rights." (Id. Attach. G., at 1 (citation omitted).)

On September 9, 2011, Lynn filed a Motion to Amend (ECF No. 132) in which he seeks to add the following claim:

Claim Eight:    In light of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d. 237 (4th Cir. 2011), the Court improperly enhanced Lynn's sentence and found him to be a career offender.

The Government has responded. Lynn has replied. The matter is ripe for disposition.

## I.   FACTUAL AND PROCEDURAL HISTORY

The grand jury charged Lynn and co-defendant Tavarras Rhodes with one count of conspiracy with intent to distribute and possess with intent to distribute one hundred (100) grams or more of a substance containing a detectable amount of heroin, and one count of possession with intent to distribute one hundred (100) grams or more of a substance containing a detectable amount of heroin. On March 21, 2008, counsel Alice Sheridan moved to suppress the seizure and subsequent statements of both defendants based upon an unlawful traffic stop. On April 23, 2008, the Court conducted a hearing on the Motion to

2

Suppress during which the Court received testimony of the arresting officer and reviewed the entirety of the videotape of the traffic stop. The Court denied the Motion to Suppress, finding justification for the traffic stop and probable cause to search the car. (Apr. 23, 2008 Tr. 36-38.)

On April 25, 2008, the Government filed a Notice under 21 U.S.C. § 851 of its intention to seek an enhanced sentence due to Lynn's prior North Carolina conviction for possession with intent to distribute heroin. (ECF No. 18, at 1-2.) On April 30, 2008, the Court denied Lynn's motion for new counsel, informing Lynn that he could either cooperate with counsel or proceed pro se with Sheridan as stand-by counsel. In his Motion for a Continuance filed May 12, 2008, Lynn indicated his intent to proceed pro se with Sheridan as stand-by counsel. (See Mot. for Continuance 1, ECF No. 26.) During the June 2, 2008 hearing on Lynn's pro se motions, Lynn elected to have Robert Wagner represent him, and the Court replaced Sheridan with Wagner as counsel of record. (June 2, 2008 Tr. 7-8.) Wagner filed a Motion to Reconsider the denial of the suppression motion. The Court again reviewed the videotape of the traffic stop and denied the Motion to Reconsider the Motion to Suppress. (ECF No. 47, at 2.)

On August 5, 2008, a jury found Lynn guilty of both counts. The Court sentenced Lynn to 396 months of imprisonment.

3

On appeal, Lynn and his co-defendant jointly filed a brief challenging the denial of the Motion to Suppress, arguing that the police lacked probable cause to conduct a search of the vehicle. The United States Court of Appeals for the Fourth Circuit consolidated the cases on appeal. On January 28, 2010, the Fourth Circuit upheld the denial of the suppression motion, but vacated and remanded Lynn's sentence because the Court failed to provide adequate explanation for the sentence imposed. See United States v. Lynn, 592 F.3d 572, 582-85 (4th Cir. 2010).

On September 10, 2010, the Court conducted a resentencing and imposed a sentence of 360 months of incarceration.

Because many of Lynn's claims are thinly veiled attempts to re-litigate the denial of his Motion to Suppress, it is appropriate to recite the pertinent facts at this juncture. The Fourth Circuit summarized the evidence leading to Lynn's arrest as follows:

> [This appeal] arises from a trooper's stop of Mark Lynn and Tavarras Rhodes as they traveled southbound through Virginia on I-95, a known drug thoroughfare. The trooper observed their rental sedan commit several evasive traffic violations, and pulled it over. As the trooper approached the stopped car, he smelled the odor of marijuana in the passenger compartment; he then noticed the nervousness of Lynn and Rhodes and received inconsistent stories from them as to the purpose of their trip. A warrantless, simultaneous search of the sedan's passenger compartment and trunk followed, which revealed "well over a hundred" empty glassine baggies in the back seat of the car; a half-smoked marijuana cigarette on the driver's side floor; an "overwhelming . . . chemical odor" in the passenger

compartment, emanating from the trunk; and a plastic bag containing more than 100 grams of heroin in the trunk.

Id. at 582-83.

## II. ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

## A.   Plea Negotiations

In Claim One, Lynn faults counsel Sheridan and Wagner for failing to communicate a purported plea offer to him.   Lynn concedes that Sheridan conveyed the Government's plea agreement to him in which he would plead guilty to both charges and receive thirty years of incarceration.   (§ 2255 Mot. Attach. A., at 1.)   Lynn states "I declined to accept a deal of that nature, it sounded very harsh for the small amount of drugs found." (Id.) Lynn argues:

> I never seen any plea agreement documents but from experience I just knew the Government wasn't offering that kind of plea because it didn't make sense.   I told Sheridan that if the Government offered me a reasonable plea I would be willing to take it.   I asked Sheridan to go back and negotiate a good plea deal.   She said the Government would not negotiate, I should take that deal.

(Id. at 2.)   After Lynn rejected the plea, the Government filed a 21 U.S.C. § 851 notice to seek an enhanced sentence.   Lynn then claims that counsel Wagner told him "no one was gonna give me 30 years for no 100 grams.   He said, 'If I can get you a deal for like 15 years . . . would I consider it.   I said yes!"   (Id. at 3.)   At a motions hearing, Wagner

> asked the Government if I took a plea would she be willing to take the 851 pleading back.   The Government said . . . No, I gave [him] a chance already to plea [sic], we are ready for [trial].   My co-defendant and I looked at each other and said what deal[?] Because no one ever communicated the deal properly.   I know the Government offered some kind of plea deal . . . .

(Id. at 4.)[2]

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Lafler v. Cooper, 132 S. Ct. 1376, 1384 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). However, Lynn has failed to demonstrate any deficiency of counsel or resulting prejudice. First, as Lynn admits earlier in his claim, but later conveniently ignores, Sheridan conveyed the Government's plea offer to Lynn, and Lynn squarely rejected the offer. Lynn concedes that Sheridan informed Lynn that the Government made one offer and that it would not entertain further negotiations. Because trial counsel communicated the plea offer to Lynn, he has not demonstrated deficiency of counsel. Second, no evidence suggests that the Government made any other plea offers after Lynn's clear rejection of its offer that Lynn plead to both counts and receive a sentence of thirty years. Cf. Lafler, 132 S. Ct. at 1387 (observing a defendant cannot demonstrate prejudice with respect to a plea offer "[i]f no plea offer is made"). Lynn's subjective belief that the Government's plea offer "was harsh" and therefore "didn't make sense," fails to create an inference that another, more favorable, plea offer existed. (§ 2255 Mot. Attach. A., at 1.) Thus, Lynn also fails to establish any

---

[2] Because counsel for the Government filed no affidavit, the Court must rely on Lynn's concessions and Lynn's statements about counsel's actions.

prejudice from the purported error of counsel. Claim One will be dismissed.

For similar reasons, Claim Two fails. In Claim Two, Lynn faults Wagner for failing to negotiate a plea deal. As discussed above, Lynn concedes that the Government offered him the option to plead guilty to both counts and receive a sentence of thirty years of incarceration. Lynn rejected that offer. In essence, Lynn now faults Wagner for not obtaining a second, more favorable plea offer after Lynn rejected the Government's offer. Lynn contends that, if counsel had negotiated "a reasonable plea, I would never have gone to [trial]." (§ 2255 Mot. Attach. B, at 3 (citation omitted).) Although Wagner purportedly told Lynn that he would try to get the Government to agree to a plea agreement with a lower sentence, Lynn admits that the Government refused to negotiate after he rejected the initial plea offer. (Id. at 2.) Lynn points to no evidence suggesting that the Government intended to make a second plea offer or negotiate further. Cf. Lafler, 132 S. Ct. at 1387. Accordingly, Lynn fails to demonstrate prejudice from counsel's failure to negotiate a more favorable plea.

## B. Trial

In Claim Six, Lynn contends that counsel rendered ineffective assistance when he lodged no objection to the admission of the marijuana blunt found on the driver's side

floor board. Lynn insists that he told counsel that the blunt contained no marijuana, and he requested counsel to obtain an expert to testify that the substance was not marijuana. (§ 2255 Mot. Attach. F, at 1-2.) Instead, counsel stipulated that the blunt contained marijuana. (Id. at 2.) To support this claim, Lynn contends that marijuana blunts are rolled in brown cigar paper, but that the Government's evidence was a blunt rolled with white paper, a fact which suggests that it was really a cigarette, not a blunt. (Id. at 1.)

The Government never charged Lynn with any offense related to possession of marijuana. Moreover, the record is undeveloped as to why defense counsel lodged no objection to the Government's introduction, and admission, of the marijuana blunt into evidence when the blunt was evidence of an uncharged crime. Accordingly, trial counsel, Robert Wagner, and counsel for the Government, will be directed to file an affidavit addressing Lynn's allegations in Claim Six. Thereafter, the Government will be directed to file further briefing as to why Claim Six should be dismissed.

## C.  Appeal

In Claim Three, Lynn faults appellate counsel for failing to "raise an important Fourth Amendment[3] issue on appeal."

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

(§ 2255 Mot. Attach. C, at 1.)   In this claim, Lynn continues his underlying attack on the events surrounding his arrest and contends that "the Court decided to give the trooper's testimony more weight" during the suppression hearing.   (Id.)   Lynn states:   "The Court agreed with the Government that there was a[ ] . . . traffic violation committed on February 14, 2008. Defendant disagreed with the Court from day one." (Id.)[4]

On appeal, counsel argued that the District Court improperly denied the Motion to Suppress because the police lacked probable cause to conduct a search of the trunk of the car, but the Fourth Circuit rejected that argument.   Lynn apparently faults counsel for failing to raise some other unspecified Fourth Amendment claim on appeal.   That is not sufficient to demonstrate deficiency of counsel.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the

---

particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

[4] Lynn's claim that the Court erred in determining that police observed the vehicle commit a traffic violation   is addressed in Claim Five below.   To the extent that Lynn attempts to re-litigate the denial of his Motion to Suppress the evidence of the drugs found in the trunk, the Fourth Circuit rejected his challenge on direct review.   See United States v. Lynn, 592 F.3d 572, 582-85 (4th Cir. 2010).   Lynn fails to direct the Court to an intervening change in the law that would permit Lynn to re-litigate these claims.   See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).   Thus, the Fourth Circuit's ruling bars collateral review of substantive challenges to the denial of the Motion to Suppress.   Linder, 552 F.3d at 396-97.

applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (citing Strickland, 466 U.S. at 688, 694). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" Id. (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Id. (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). Lynn has not shown that the vague Fourth Amendment challenges that he says should have been made had any merit at all. And, he certainly has not shown that whatever that claim may have been, it had more merit than the stronger grounds pursued by counsel.[5]   Thus, Lynn establishes no

---

[5] On appeal, counsel challenged the denial of the Motion to Suppress the heroin found in the trunk of the car, and also successfully argued that Lynn's sentence was procedurally unreasonable. As a result of counsel's efforts, the Fourth Circuit vacated and remanded, and the Court sentenced Lynn to 360 months instead of his prior sentence of 396 months.

deficiency of counsel.  Accordingly, Claim Three will be dismissed.

## III. THE ALLEGED TRIAL COURT ERRORS

### A.  Denial Of Motion To Appoint New Counsel

In Claim Four, Lynn claims that the Court "erred when it forced [him] into pro se status . . . ." (§ 2255 Mot. Attach. D, at 1.)  Specifically, Lynn argues that the Court erred when it denied his motion to appoint new counsel, but allowed Lynn to choose between keeping counsel and representing himself pro se with counsel serving as stand-by counsel.  Lynn claims that during the "6-8 weeks I was without counsel, no one was fighting in my defense, there was no research, investigations, plea bargaining or any other important issues that could have been resolved . . . [during] that time." (Id. at 2.)

The Sixth Amendment[6] to the Constitution guarantees a criminal defendant "the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  The Sixth Amendment right to counsel, however, is not an absolute right. Wheat v. United States, 486 U.S. 153, 159 (1988).  "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each

---

[6] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Id. (citations omitted). The Supreme Court has stated that the right of counsel of choice does not extend to defendants, like Lynn, who require appointed counsel. United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006) (citations omitted).

Courts consider three factors in determining whether the trial court violated a defendant's Sixth Amendment rights in denying a motion to appoint new counsel: "'(1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense.'" United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997) (quoting United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994)). Furthermore, mere "[d]isagreements over strategical or tactical decisions do not rise to level of a complete breakdown in communication." Stenson v. Lambert, 504 F.3d 873, 886 (4th Cir. 1997) (citing Schell v. Witek, 218 F.3d 1017, 1026 (9th Cir. 2000)).

On April 30, 2008, Lynn moved for the appointment of new counsel citing counsel's "refus[al] to . . . work my case with diligence," disregard of Lynn's "hours of research for [his] case," and claiming that "[s]he is more interested in telling me what the [Assistant United States Attorney] wants to do than

13

working my case." (Mot. App't. Counsel 1, ECF No. 24.) Contrary to Lynn's assertions, the record demonstrates that counsel put forth her best efforts in representing a difficult client who refused to accept her reasoned advice and legal expertise.

Prior to Lynn's motion, counsel Sheridan had negotiated and conveyed a plea offer from the Government to Lynn that Lynn rejected because he subjectively found it unreasonable. Lynn faulted counsel for failing to obtain a more favorable plea agreement, despite her assertion that the Government would not negotiate further. Counsel also filed a motion to suppress the evidence challenging the vehicle stop and subsequent search of the vehicle. Accordingly, the record shows that during her representation of Lynn, counsel worked diligently in Lynn's defense. At most, Lynn's complaints amount to a refusal to accept that the search of the vehicle passed constitutional muster and that he was going to receive a lengthy sentence, whether he pled guilty or went to trial. Thus, he states no Sixth Amendment claim based on the Court's denial of his motion for new counsel.

Lynn also fails to demonstrate that the Court erred by permitting him to represent himself pro se with stand-by counsel. "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused

personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819 (1975). Because it necessarily entails a waiver of the right to counsel, a defendant's invocation of his right of self-representation must be (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2010) (citation omitted). A defendant's request must be clear and unequivocal because it prevents a defendant from manipulating the trial process by taking advantage of the mutually exclusive nature of the right to the assistance of counsel and the right of self-representation. Id. at 559. Thus, "[i]n ambiguous situations created by a defendant's vacillation or manipulation, [the Court] must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and the collective good." Id. (citations omitted).

In Lynn's current claim, he merely states that "the Court failed to follow proper procedures when . . . [it] force[d him] into pro se status." (§ 2255 Mot. Attach. D, at 3.) The record provides no support for Lynn's contention. Instead, Lynn's pro se status was of own volition. After denying Lynn's motion to appoint new counsel on April 30, 2008, the Court gave Lynn the choice to proceed with counsel or proceed pro se with counsel serving as stand-by counsel. (Order 1, ECF No. 25.)

In his May 12, 2008 Motion for Continuance, Lynn indicated his intent to proceed pro se with counsel as stand-by. (See Mot. for Continuance 1, ECF No. 26.) By June 2, 2008, two months in advance of trial, Lynn had new appointed counsel. (See June 2, 2008 Tr. 7.) Claim Four lacks merit and will be dismissed.

**B.   Suppression Hearing Errors**

In Claim Five, Lynn contends that the Court abused its discretion and violated his "rights to present a defense and to confront hostile witnesses when it issued a pre-[trial] ruling restricting the scope of the evidence to be introduced at [trial] to primarily the events of the search and the seizure of the heroin." (§ 2255 Mot. Attach. E, at 1.) Despite his initial description of the claim, in his supporting argument, Lynn again challenges the Court's denial of his Motion to Suppress, arguing that the videotape from the officer's dashboard camera recorded no traffic violation and the stop was pretextual. (Id. at 2-7.)

The procedural default rule bars Claim Five from review here, absent a showing of cause and prejudice or actual innocence, because Lynn could have raised, but did not raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152,

167-68 (1982). Lynn fails to show cause and prejudice or actual innocence. Accordingly, Claim Five will be dismissed.[7]

### IV. CUMULATIVE ERROR

In Claim Seven, Lynn vaguely asserts that the cumulative errors of counsel and the Court violated his constitutional rights. Lynn's conclusory claim without any supporting argument fails to state a claim for habeas relief. Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Moreover, because the Court has found that Lynn's claims of alleged error lack merit, he cannot demonstrate prejudice. Claim Seven will be dismissed.

---

[7] In the body of Claim Five, Lynn also faults counsel for failing to raise his claim. Lynn's allegation that trial counsel failed to challenge the traffic stop as pretextual, lacks factual merit. In the Motion to Suppress, counsel argued that "[t]he seizure and subsequent statements derive from an objectively unreasonable pretextual stop of the Defendants, both of African American heritage . . . ." (Mot. Suppress. 1, ECF No. 13.)

To the extent that Lynn desired counsel to argue that, because the video camera recorded no traffic violation, no traffic violation occurred, counsel reasonably eschewed raising this meritless argument in favor of stronger arguments. Moreover, Lynn demonstrates no resulting prejudice from counsel's failure to raise such a claim. During the suppression hearing, the Court heard testimony from the officer who conducted the stop that the occupants of the vehicle behaved suspiciously (Apr. 23, 2006 Tr. 6), the vehicle made an abrupt, unsafe, and evasive lane change, and then subsequently, continued to follow a tractor/trailer too closely in violation of state traffic law. (Apr. 23, 2006 Tr. 6-8.) After hearing the officer's testimony and observing the video from the officer's dashboard camera, the Court found probable cause existed for the traffic stop. The Fourth Circuit agreed.

## V.   SENTENCING ERROR

In Claim Seven, Lynn contends that his sentence is invalid in light of United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011).[8]   In his Motion to Reconsider (ECF No. 144), and Motion to Amend (ECF No. 169), Lynn provides further support for this claim.   Accordingly, the Court will grant both the Motion to Reconsider (ECF No. 144) and the Motion to Amend (ECF No. 169) to the extent that the Court will consider the factual support for his claim contained in these submissions.

Lynn contends that he "do[es] not meet the requirements for an [§] 851(a) or career offender [USSG §] 4B1.1 because defendant[']s state conviction is not a crime punishable by imprisonment for a term exceeding one year." (Mot. Amend 3, ECF No. 132.)   Lynn argues that his 2000 conviction and resulting

---

[8] In Simmons, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (citing Simmons, 649 F.3d at 241).   The Fourth Circuit has found that Simmons applies retroactively to cases on collateral review.   United States v. Bowman, --- F. App'x. ----, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. 2014) (citing Miller v. United States, 735 F.3d 141, 145–47 (4th Cir. 2013)).

sentence for possession with intent to sell or distribute 3.8 grams of heroin in the Wayne County Superior Court in North Carolina fails to qualify as a predicate offense. Lynn argues that under N.C. Gen. Stat. § 15A-1340.17(d) the highest sentence he could have received, because he had no aggravating factors, was nine to eleven months. (Mot. Reconsider at 3-5.)

For both Counts One and Two, Lynn faced a sentence of five years up to forty years in prison. 21 U.S.C. § 841(b)(1)(B)(i). With the 21 U.S.C. § 851 enhancement, Lynn's statutory minimum sentence increased to ten years with a maximum of life in prison. 21 U.S.C. § 841(a)(1). Moreover, under the United States Sentencing Guidelines ("USSG") based on his offenses of conviction, Lynn had an offense level of 26, and a criminal history category of VI, subjecting him to a sentencing guidelines range of 120 to 150 months of incarceration. (Presentence Report "PSR," Worksheet A.) Nevertheless, because the Court found Lynn to be a career offender under USSG § 4B1.1, based, in part, upon the 2000 heroin conviction and a prior crime of violence, and his offense statutory maximum sentence was life, Lynn's offense level increased to 37. Thus, his sentencing exposure increased to a term of incarceration of 360 months to life. (PSR Worksheet D.)

As stated in the § 851 notice, and in the Presentence Report, Lynn was previously convicted in North Carolina of

possession with intent to sell or distribute 3.8 grams of heroin, a felony, in violation of N.C. Gen. Stat. § 90-95(a)(1). Lynn received a sentence of between seven and nine months of incarceration. According to the North Carolina judgment of conviction Lynn attaches to his Motion to Amend, his conviction was a Class H offense and his prior record level was IV. (ECF No. 132-2, at 1.) Nevertheless, no evidence in the record establishes whether the 2000 conviction remains a proper prior felony drug offense under § 851 or a proper career offender predicate offense after Simmons. While the Government cites a 2009 case for proposition that "it is the potential punishment, and not the actual punishment received that is the relevant criteria for determining whether a prior drug conviction constitutes a 'felony drug offense,'" (Gov't's Resp. 19 (citing United States v. Kellam, 568 F.3d 125, 142 n.25 (4th Cir. 2009)), the Government fails to demonstrate that, under North Carolina law, Lynn could have received more than one year of incarceration for his 2000 conviction.[9] Thus, the Government has failed to show that Lynn's 2000 conviction remains a qualifying predicate offense for the § 851 enhancement and for determination that Lynn is a career offender. Accordingly, the

---

[9] The Government filed its response to Claim Seven in 2011, after the decision in Simmons, but prior to the Fourth Circuit's determination that Simmons applies retroactively to cases on collateral review. See Miller, 735 F.3d at 145-47.

Government will be directed to submit further briefing and any evidence to support their argument in response to Claim Seven.

## VI.   OUTSTANDING MOTIONS

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).   As explained below, Lynn's amendments are futile.

### A.   Petition For Writ Of Habeas Corpus Ad Subjiciendum

In his Petition for Writ of Habeas Corpus Ad Subjiciendum ("Petition," ECF No. 157), Lynn contends that he "is being held in violation of the United States Constitution . . . but the time to amend said Petition has expired." (Pet. 1.)   In his Petition, Lynn again attempts to re-litigate the same challenges to the traffic stop and his subsequent arrest as he has raised several times in his § 2255 Motion.   As previously discussed, Lynn's claims are barred from review here, and his Petition (ECF No. 157) will be denied. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

**B.    Second Motion To Amend**

In his "MOTION TO AMEND-RULE 15 FRCP" ("Second Motion to Amend," ECF. No. 164), Lynn attempts to add six claims to his § 2255 Motion.

The Court appropriately denies as futile leave to amend, when the statute of limitations bars the new claim.  See Ingram v. Buckingham Corr. Ctr., No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011).  As discussed below, the statute of limitations bars Lynn's claims and they are futile.

**1.    Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting
> the claim or claims presented could have
> been discovered through the exercise of due
> diligence.

28 U.S.C. § 2255(f).

Lynn's convictions became final on Monday, September 27, 2010, the last date to file an appeal of his resentencing. Lynn then had one year, or until Tuesday, September 27, 2011 to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). On August 11, 2011, Lynn filed his § 2255 Motion within the statute of limitations.[10] (§ 2255 Mot. 14.) However, Lynn filed his Second Motion to Amend on July 19, 2013 (Second Mot. Amend 5) more than one and half years after his conviction became final. Because Lynn failed to file his Motion to Amend within the one-year limit, the statute of limitations bars the motion unless Lynn demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)-(4), entitlement to equitable tolling,[11] see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)), or the new claim relates back to the claims in the § 2255 Motion, see Pittman, 209 F.3d at 314.

---

[10] The Court deems an inmate's motion filed on the date it is handed to prison staff for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988).

[11] Neither Lynn nor the record suggests circumstances that warrant equitable tolling.

## 2. Belated Commencement

Lynn provides no argument for belated commencement or equitable tolling, but instead simply raises six new conclusory claims:

A.  Counsel should have called an expert witness at the suppression hearing to demonstrate the racial profiling tendency of police.

B.  Counsel should have questioned "the legal authority of the Highway Patrol to take the Petitioner into custody with no arrest or charges . . . this was in fact legalized kidnapping . . . ." (Second Mot. Amend 2.)

C.  Petitioner's sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000) and progeny because he was sentenced based on improper judicial fact-finding.

D.  "The $9,000.00 limit on attorney [pay] in the CJA statute is grossly inadequate," making his counsel ineffective.

E.  "All these issues were ignored by Appellate Counsel who provided the Petitioner with ineffective assistance."[12]

F.  "If trial and/or appellate counsel did their work . . . . [Petitioner] would have pleaded guilty to a sentence possibility of around 90 months." (Id. at 4-5.)

A review of Lynn's submissions indicate that his new claims attack his criminal proceedings, which concluded prior to the filing of his § 2255 Motion. Lynn fails to provide any argument as to why, acting with due diligence, he could not have discovered the facts supporting these claims within the one-year limitations period. Moreover, neither Lynn nor the record

---

[12] Lynn names two Claims "D." The Court corrects the numbering.

suggests circumstances that warrant equitable tolling.   Because Lynn fails to demonstrate any meritorious grounds for belated commencement or equitable tolling, the statute of limitations bars the amendment unless the claim relates back to a claim in the original § 2255 Motion.

### 3.   Relation Back

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case.   Pittman, 209 F.3d at 317.   Rule 15 allows for amendments to the petition after the one-year statute of limitations, provided the amendment relates back to the original timely filed petition.   A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."   Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."   Mayle v. Felix, 545 U.S. 644, 650 (2005).   In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct."   Pittman, 209 F.3d at 318.   Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the

25

original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (citing Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

In his original § 2255 Motion and his first amendment, Lynn raised four claims of ineffective assistance of counsel attacking counsel's performance during plea negotiations, counsel's failure to object to the admission of marijuana at trial, counsel's failure to raise an issue on appeal, two purported errors of the Court, and an argument that he lacks the requisite predicate convictions for an enhanced sentence.

First, Lynn's challenge to his sentence based on Apprendi and progeny (Claim C), his challenge to the rate of Criminal Justice Act pay (Claim D), and his claim that appellate counsel should have raised all of his new proposed amended claims (Claim E) fail to relate back. Claims C, D, and E "arise from separate occurrences of 'both time and type'" than his original claims. Pittman, 209 F.3d at 318 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)); see Mayle, 545 U.S. at 659 ("[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims.") (internal quotation marks omitted) (citing Fed. R.

Civ. P. 15(c)(2)).   Claims C, D, and E are barred by the statute of limitations.

In Claims A and B, Lynn contends that counsel should have hired a witness to testify about the tendencies of police to engage in racial profiling during the suppression hearing (Claim A), and that counsel should have raised a claim that police kidnapped Lynn without legal authority. (Claim B.)   Even if these two claims somehow related back to his original claims of ineffective assistance, the new claims lack merit and amendment would be futile.   In Claim A, Lynn suggests that counsel should have hired a racial profiling expert to testify about the "racial profiling tendency of the Virginia Highway Patrol." (Second Mot. Amend 2.)   Counsel raised the argument in the Motion to Suppress that the officer's stop of the vehicle was pretextual and instead, due to racial profiling.   After hearing testimony from the officer and watching the videotape of the stop, the Court denied the Motion to Suppress.   Lynn fails to adequately explain why the testimony of an expert on racial profiling would have been permitted during the Motion to Suppress hearing or would have changed the result of the suppression hearing in light of the officer's credible testimony about the observed traffic violations.   Thus, he fails to demonstrate prejudice from counsel's purported error.

In Claim B, Lynn suggests that "trial counsel did not question the legal authority of the Highway Patrol to take the Petitioner into custody with no arrest or charges and then transport him to a waiting DEA Agent who decided to charge him. This was in fact legalized kidnapping . . . ." (Second Mot. Amend 2.)   Counsel reasonably eschewed making this meritless argument.  After police found marijuana and heroin in the car, the officers placed Lynn under arrest for possessing illegal drugs.  (Apr. 23, 2008 Tr. 25-26.)  Lynn fails to establish any deficiency of counsel or resulting prejudice.

Finally, in Claim F, Lynn argues that if trial and appellate counsel "did their work," he "would have pleaded guilty to a sentence possibility of around 90 months." (Second Mot. Amend 4-5.)  Even if this claim somehow related back to the original § 2255, Lynn's conclusory allegations fail to establish any deficiency of counsel or resulting prejudice, and thus, fail to state a claim for relief.  Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").   Thus, Claim F lacks merit and any amendment would be futile

Lynn's Second Motion to Amend (ECF No. 164) will be denied as futile.

## VII. CONCLUSION

For the foregoing reasons, Lynn's Claims One through Five and Seven will be denied. Counsel for the Government and trial counsel Robert Wagner, will each be directed to file an affidavit addressing Lynn's allegations in Claim Six. Counsel for the Government will be directed to file further briefing on the merits of Claims Six and Eight.

The Clerk is directed to send a copy of this Memorandum Opinion to Lynn and counsel of record.

/s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 5, 2014