

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:08CR82

MARK LYNN

### MEMORANDUM OPINION

Mark Lynn, a federal inmate proceeding pro se, submitted this motion and a supporting memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 131.) By Memorandum Opinion and Order entered August 5, 2014, the Court dismissed Claims One through Five and Seven, and ordered further briefing on Claims Six and Eight. United States v. Lynn, No. 3:08CR82, 2014 WL 3858543, at *8 (E.D. Va. Aug. 5, 2014). In the remaining claims, Lynn argues entitlement to relief based on the following:

> Claim Six:     Trial counsel rendered ineffective assistance when he failed to object to evidence presented by the Government.

> Claim Eight:   In light of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Court improperly enhanced Lynn's sentence and found him to be a career offender. (Mot. Amend. 3, ECF No. 132.)

Lynn's trial counsel and counsel for the United States have filed affidavits. Counsel for the United States has submitted further briefing. Lynn requested a sixty (60) day extension of time to file a response to the Government's additional briefing,

and then filed his Reply.  Lynn's Motion Requesting Extension (ECF No. 182) will be granted to the extent the Court will deem the Reply timely filed.  The matter is ripe for disposition.

## I.   FACTUAL AND PROCEDURAL HISTORY

The grand jury charged Lynn and co-defendant Tavarras Rhodes with one count of conspiracy with intent to distribute and possess with intent to distribute one hundred (100) grams or more of a substance containing a detectable amount of heroin, and one count of possession with intent to distribute one hundred (100) grams or more of a substance containing a detectable amount of heroin.  On March 21, 2008, counsel Alice Sheridan moved to suppress the seizure and subsequent statements of both defendants based upon an unlawful traffic stop.  On April 23, 2008, the Court conducted a hearing on the Motion to Suppress during which the Court received testimony of the arresting officer and reviewed the entirety of the videotape of the traffic stop.  The Court denied the Motion to Suppress, finding justification for the traffic stop and probable cause to search the car.  (Apr. 23, 2008 Tr. 36-38.)

On April 25, 2008, the Government filed a Notice under 21 U.S.C. § 851 of its intention to seek an enhanced sentence due to Lynn's prior North Carolina conviction for possession with intent to distribute heroin.  (ECF No. 18, at 1-2.)  On April 30, 2008, the Court denied Lynn's motion for new counsel,

2

informing Lynn that he could either cooperate with counsel or proceed pro se with Sheridan as stand-by counsel. In his Motion for a Continuance filed May 12, 2008, Lynn indicated his intent to proceed pro se with Sheridan as stand-by counsel. (See Mot. for Continuance 1, ECF No. 26.) During the June 2, 2008 hearing on Lynn's pro se motions, Lynn elected to have Robert Wagner represent him, and the Court replaced Sheridan with Wagner as counsel of record. (June 2, 2008 Tr. 7-8.) Wagner filed a Motion to Reconsider the denial of the suppression motion. The Court again reviewed the videotape of the traffic stop and denied the Motion to Reconsider the Motion to Suppress. (ECF No. 47, at 2.)

On August 5, 2008, a jury found Lynn guilty of both counts. The Court sentenced Lynn to 396 months of imprisonment.

On appeal, Lynn and his co-defendant jointly filed a brief challenging the denial of the Motion to Suppress, arguing that the police lacked probable cause to conduct a search of the vehicle. The United States Court of Appeals for the Fourth Circuit consolidated the cases on appeal. On January 28, 2010, the Fourth Circuit upheld the denial of the suppression motion, but vacated and remanded Lynn's sentence because the Court failed to provide adequate explanation for the sentence imposed. See United States v. Lynn, 592 F.3d 572, 582-85 (4th Cir. 2010).

3

On September 10, 2010, the Court conducted a resentencing and imposed a sentence of 360 months of incarceration.

The Fourth Circuit summarized the evidence leading to Lynn's arrest as follows:

> [This appeal] arises from a trooper's stop of Mark Lynn and Tavarras Rhodes as they traveled southbound through Virginia on I-95, a known drug thoroughfare. The trooper observed their rental sedan commit several evasive traffic violations, and pulled it over. As the trooper approached the stopped car, he smelled the odor of marijuana in the passenger compartment; he then noticed the nervousness of Lynn and Rhodes and received inconsistent stories from them as to the purpose of their trip. A warrantless, simultaneous search of the sedan's passenger compartment and trunk followed, which revealed "well over a hundred" empty glassine baggies in the back seat of the car; a half-smoked marijuana cigarette on the driver's side floor; an "overwhelming . . . chemical odor" in the passenger compartment, emanating from the trunk; and a plastic bag containing more than 100 grams of heroin in the trunk.

Id. at 582-83.

## II.  ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"

4

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim Six, Lynn argues that "[c]ounsel failed to object to evidence presented by the Government." (§ 2255 Mot. Attach. F, at 1.)[1] In its August 5, 2014 Memorandum Opinion, the Court questioned why the Government introduced the partially smoked marijuana blunt at trial, and why counsel failed to object to it as evidence of an uncharged crime. United States v. Lynn, No. 3:08CR82, 2014 WL 3858543, at *4 (E. D. Va. Aug. 5, 2014). However, Lynn's primary allegation faults counsel for failing to object to the introduction of the partially smoked blunt because it was not marijuana, not that it was evidence of an uncharged crime. In support of his claim, Lynn states in sum:

> The trooper states he found a partially smoked marijuana blunt on the driver side floor board during the search of defendant's vehicle and put that as

---

[1] The Court corrects the capitalization and spelling in the quotations from Lynn's submissions.

5

evidence in this case.  I informed trial counsel
Robert Wagner (Wagner) that a marijuana blunt is a
cigar paper used to roll marijuana and is a brown
piece of paper.  The Government has a small piece of
white paper with a substance in it and it was not
marijuana.  So I asked Wagner to put in a motion for
expert witness . . . which he never did.  The motion
for expert witness would have allow[ed] that expert to
examine and testify that the evidence presented by the
Government was not marijuana at all.  Instead at trial
Wagner stipulated to the evidence agreeing that it was
indeed marijuana.  Please note, counsel is <u>not</u> an
expert in this field and should not have stipulated to
something he don't know what it is or was.  Wagner
should have objected to that evidence and let the
Government expert witness testify that what he tested
was actually marijuana.  Without the marijuana there
would have been no basis for a search. . . .

(§ 2255 Mot. Attach. F., at 1-2.)  As explained below, Lynn
fails to demonstrate deficiency of counsel or resulting
prejudice.

First, despite Lynn's contrary assertions, the record
demonstrates that the two blunts contained marijuana.  On July
29, 2008, in advance of trial, the United States filed an expert
notice advising defense counsel that it intended to call Stephen
Demchuck, a Forensic Chemist with the Drug Enforcement
Administration's Mid-Atlantic Laboratory.  (Affidavit of Angela
Mastandrea-Miller ("Miller Aff.") ¶¶ 3-4, ECF No. 179-1.)  The
United States also attached to the notice a copy of the
laboratory analysis that Demchuck performed.  The analysis
identified the two blunts as marijuana, and had been previously
provided to defense counsel in discovery.  (<u>Id.</u> ¶¶ 3, 5; <u>see</u>
Laboratory Report 1, ECF No. 179-4.)  Demchuck was available to

6

testify on the date of trial about the laboratory analysis admitted during trial and that his testing confirmed that the partially smoked blunts contained marijuana. (Id. ¶ 4.)

After Demchuck testified about the testing he conducted on the heroin, but prior to testifying about the analysis he performed on the marijuana blunts found in the car, counsel for Lynn's co-defendant, Tavarras Rhodes, advised the Court that both defense counsel would stipulate that the suspected marijuana blunts recovered from the car indeed contained marijuana. (Aug. 5, 2008 Tr. 111-12.) Thus, contrary to Lynn's assertions, an expert had examined the two blunts and found that they contained marijuana. Counsel reasonably refrained from engaging an additional expert to test the two blunts. Counsel also reasonably stipulated that the two blunts contained marijuana as Demchuck would have clearly testified to the same. Because the two blunts contained marijuana, Lynn also fails to demonstrate any prejudice from counsel's actions.

Even generously construing Lynn to argue that counsel should have objected to the marijuana blunts' introduction at trial as evidence of prior bad acts, Lynn fails to demonstrate deficiency of counsel or resulting prejudice. Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character." Fed. R. Evid. 404(b)(1). The United States contends that it introduced the marijuana blunt during trial because it "was necessary to complete the narrative, and supported the Trooper's testimony regarding probable cause to search the vehicle (based on the odor of marijuana emanating from the vehicle)." (Gov't's Supp'l Resp. 2.)

"[E]vidence of uncharged conduct is not considered 'other crimes' evidence if it 'arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir 1994) (omissions in original) (quoting United States v. Towne, 870 F.2d 880, 886 (2nd Cir. 1989)); see United States v. McBride, 676 F.3d 385, 396 (4th Cir. 2013). In such situations, a Court need not engage in a Rule 404(b) analysis for the evidence. United States v. Marfo, No. 12-4910, --- F. App'x ----, 2014 WL 2139239, at *6 (4th Cir. May 23, 2014) (citations omitted). Here, introduction of the marijuana blunt during trial "constituted predicate evidence necessary to provide context to" the search of the vehicle. Kennedy, 32 F.3d at 886-87 (explaining that "evidence of uncharged criminal activity is admissible 'where it furnishes part of the context of the crime'" (citing United States v. Mark, 943 F.2d 444, 448 (4th

Cir. 1991))). By introducing the marijuana blunt and having an expert prepared to testify that the blunt contained marijuana, the United States provided the jury with the requisite background to support the officer's testimony that he smelled burnt marijuana emanating from the car which provided probable cause for the search of the vehicle and which "'served to complete the story of the crime on trial.'" Id. (quoting United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980)). Accordingly, the introduction of the marijuana blunt during trial did not constitute "other crimes" evidence under Rule 404(b). Thus, counsel reasonably eschewed objecting to the introduction of the marijuana blunt on that ground. Because Lynn demonstrates neither deficiency nor prejudice from counsel's actions, Claim Six will be dismissed.

### III. SENTENCING ERROR

Initially, for both Counts One and Two, Lynn faced a sentence of between five years and forty years in prison. 21 U.S.C. § 841(b)(1)(B)(i). With the 21 U.S.C. § 851 enhancement, Lynn's statutory minimum sentence increased to ten years with a maximum of life in prison. 21 U.S.C. § 841(a)(1). Moreover, under the United States Sentencing Guidelines ("USSG") based on his offenses of conviction, Lynn had an offense level of 26, and a criminal history category of VI, subjecting him to a sentencing guidelines range of 120 to 150 months of

incarceration.    (Presentence   Report   "PSR,"   Worksheet   A.)
Nevertheless,   because   the   Court   found   Lynn   to   be   a   career
offender   under   USSG   §   4B1.1,   based,   in   part,   upon   the   2000
heroin   conviction   and   a   prior   crime   of   violence,[2]   and   the
statutory   minimum   sentence   for   his   offense   was   life,   Lynn's
offense   level   increased   to   37.    Thus,   his   Sentencing   Guidelines
Range   increased   to   a   term   of   incarceration   of   360   months   to
life.   (PSR   Worksheet   D.)

    Lynn   contends   that   his   sentence   is   invalid   in   light   of
United States v. Simmons,   649   F.3d   237,   241   (4th   Cir.   2011)
because   he   "do[es]   not   meet   the   requirements   for   an   [§]   851(a)
or   career   offender   [USSG   §]   4B1.1   because   defendant[']s   state
conviction   is   not   a   crime   punishable   by   imprisonment   for   a   term
exceeding   one   year."   (Mot. Amend 3, ECF No. 132.)   As   pertinent
here,   in   Simmons,   the   Fourth   Circuit   concluded   that,   "if   a
particular   defendant   'could   not   have   received   a   sentence   in
excess   of   twelve   months'   for   his   [state]   conviction,'   the
government   cannot   use   it   as   a   predicate   [felony]   for   federal
sentencing   enhancement   purposes."   United States v. Copeland,
707   F.3d   522,   526   (4th   Cir.   2013)   (first   alteration   in   original)
(quoting   Simmons,   649   F.3d   at   239-40,   249)   (some   internal
quotation   marks   omitted).

---

[2]   Lynn   does   not   challenge   the   crime   of   violence   as   a
predicate offense.

As provided in the § 851 notice, and in the Presentence Report, Lynn was convicted in 2000 in the Wayne County Superior Court in North Carolina ("Sentencing Court") of possession with intent to sell or distribute 3.8 grams of heroin, a felony, in violation of N.C. Gen. Stat. § 90-95(a)(1). Lynn argues that this 2000 conviction and resulting sentence fail to qualify as a predicate offense because he received a sentence of 7 to 9 months. Specifically, Lynn argues that under N.C. Gen. Stat. § 15A-1340.17(d) the highest sentence he could have received, because he had no aggravating factors, was 9 to 11 months. (Mot. Reconsider at 3-5, ECF No. 144.) Lynn fails to recognize that the qualification of a prior conviction does not depend on the sentence that he actually received or the presumptive range of minimum sentence, but on the maximum sentence he could have received for his conviction.

## A.   Structured Sentencing Act

The Fourth Circuit has aptly explained how a defendant is sentenced under North Carolina's Sentencing Act:

> North Carolina's Structured Sentencing Act "creates felony sentences strictly contingent on two factors: the designated 'class of offense' and the offender's 'prior record level.'" Simmons, 649 F.3d 240 (quoting N.C. Gen. Stat. § 15A-1340.13(b)). The sentencing judge calculates the offender's prior record level by adding together the points, assigned by the Act, for each of the offender's prior convictions. N.C. Gen. Stat. § 15A-1340.14(a). The judge then matches the offense class and prior record level using a statutory table, which provides three sentencing ranges—a mitigated range, a presumptive range, and an aggravated range. Id. § 15A-1340.17(c).

The judge must sentence the defendant within the presumptive range unless the judge makes written findings of aggravating or mitigating factors. Id. §§ 15A-1340.13(e) & 15A-1340.16(c). And the judge may sentence a defendant within the aggravated range only if the state provides the defendant notice of its intent to prove aggravating factors, and a jury finds such factors beyond a reasonable doubt or the defendant pleads to their existence. Id. § 15A-1340.16 (a6). Once the judge selects the applicable range, the judge must choose the defendant's minimum sentence from within that range; a separate statutory chart provides the corresponding maximum term. Id. § 15A-1340.17(d).

Critically, North Carolina's sentencing scheme is not a discretionary, guidelines system. Rather, "it mandates specific sentences," so "no circumstances exist under the Structured Sentencing Act in which a North Carolina judge may impose a sentence that exceeds the top of the range set forth in the Act." Simmons, 649 F.3d at 244 (quotation marks and citation omitted). Determining the maximum punishment for an offender's prior conviction, then, simply "requires examination of three pieces of evidence: the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." Id. at 247, n.9.

United States v. Valdovinos, No. 13-4768, --- F.3d ----, 2014 WL 3686104, at *3-4 (4th Cir. July 25, 2014).

Lynn's 2000 possession with intent to distribute heroin conviction constituted a Class H felony. (Gov't's Supp'l Resp. Ex. 2, at 1.) At the time of sentencing for this conviction, Lynn had a prior record level of IV. (Id.) According to the statutory chart for offenses committed after December 1, 1995, Lynn faced a presumptive minimum term of 9 to 11 months of imprisonment (id. Ex. 5, at 1; N.C. Gen Stat. § 15A-1340.17(c)), and a corresponding maximum sentence of 14 months of

imprisonment.   (Gov't's Supp'l Resp. Ex. 6, at 1; N.C. Gen. Stat. § 15A-1340.17(d)); see United States v. Kerr, 737 F.3d 33, 36 (4th Cir. 2013) (explaining that offense Class H with a prior record level of IV, yields a presumptive sentence of 9 to 11 months of imprisonment, and carries a 14-month maximum sentence).   Thus, the Structured Sentencing Act authorized a maximum sentence of 14 months for Lynn's 2000 conviction for possession with intent to distribute heroin.

The Sentencing Court found no aggravating factors, and instead, because Lynn pled guilty and accepted responsibility for his criminal conduct, found that the "factors in mitigation outweigh the factors in aggravation and that a mitigated sentence [was] justified." (Gov't's Supp'l Resp. Ex. 2, at 6.) The Sentencing Court then exercised its discretion to depart from the presumptive range and sentenced Lynn to the mitigated range which carried a minimum sentence of 7 to 9 months of incarceration. (Id. at 1.)

## B.   Lynn's Maximum Sentence Exceeds a Year

Lynn argues that the highest sentence he could have received was 9 to 11 months of incarceration.   While Lynn accurately states the presumptive range of 9 to 11 months of imprisonment for a Class H, record level IV offender, he fails to take into account that the maximum sentence for that range is 14 months of incarceration.   (Id. Ex. 6, at 1); see Kerr, 737

13

F.3d at 36; United States v. Edmonds, 679 F.3d 169, 176 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 376 (2012).

The Government cites the Court to the appropriate law, but instead concludes that Lynn could have received a 17-month maximum sentence, thus, the offense qualified as conviction punishable by a term of more than one year for the purposes of the career offender enhancement and under § 851. (Gov't's Supp'l Resp. 9, 11.)   The Government looks to the aggravated range of sentencing for a defendant with a Class H felony and a record level of IV which is 11 to 14 months of incarceration and carries a maximum sentence of 17 months of incarceration. (Id. Ex. 5, at 1; id. Ex. 6, at 1.)   Nevertheless, in Lynn's case, the Sentencing Court made no written findings of aggravating factors.[3]   (See Gov't's Supp'l Resp. Ex. 2, at 5.)   Thus, Lynn could not have been sentenced based upon the aggravated range of minimum sentence, and the 17-month maximum sentence is inapplicable in this instance.   Cf. Edmonds, 679 F.3d at 176 (finding defendant with Class H felony, with prior record level of IV, who actually received a 9 to 11 month sentence because of no aggravating factors, faced a maximum presumptive sentence of

---

[3] A sentencing judge may depart to the aggravated sentencing range only if the state has provided the defendant with written notice of its intent to prove the necessary aggravating factors at least thirty days before the entry of the plea or trial. N.C. Gen Stat. § 15A-1340.16(a6).   Moreover, with two exceptions, a jury must find the aggravating factors exist beyond a reasonable doubt or the defendant must have pled to the existence of those factors.   Id. § 15A-1340.16(a)-(a1), (b).

14 months of imprisonment and the offense qualified as a predicate offense under 21 U.S.C. § 841(b)(1)(A) and U.S.S.G. § 4B1.1(a)).

To the extent Lynn argues that, because the Sentencing Court chose to sentence him in the mitigating range of 7 to 9 months he could not have been sentenced to a term of imprisonment for more than one year, this argument is also unavailing. In Kerr, the Fourth Circuit explained:

> North Carolina law establishes three sentencing ranges based on the appropriate offense class and prior record level. N.C. Gen. Stat. § 15A-1340.17(c). The presumptive sentencing range is the default. The sentencing judge may deviate from the presumptive range if the judge makes written findings of aggravating or mitigating factors, finds that aggravating factors outweigh mitigating factors (or vice versa), and chooses to depart. Id. §§ 15A-1340.13(e), 15A-1340.16(b), (c); see also Simmons, 649 F.3d at 240. But North Carolina law also provides that a judge may sentence a defendant in the presumptive range even if the judge finds that mitigating factors outweigh those in aggravation. State v. Bivens, 155 N.C. App. 645, 573 S.E.2d 259, 261-62 (2002). The state court judge who sentenced Kerr found that the relevant mitigating factors outweighed those in aggravation and then chose to exercise her discretion by sentencing Kerr to a mitigated range sentence . . . . But just as in Edmonds, the judge remained free at all times to sentence Kerr to a presumptive term of up to 14 months.

Kerr, 737 F.3d at 38 (citing Edmonds, 679 F.3d at 176). The Fourth Circuit concluded that, because the judge remained free to sentence Kerr to presumptive prison term of up to 14 months of incarceration, "the maximum possible prison sentence that

Kerr <u>faced</u> for his prior state conviction exceeded one year, and because that potential punishment was far from hypothetical, we hold that Kerr's prior state convictions qualify as predicate felonies for sentencing . . . ." <u>Id.</u> at 39 (footnote omitted) (emphasis in original).

Here, the Sentencing Court found that Lynn's relevant mitigating factors outweighed those in aggregation and then chose to exercise its discretion by sentencing Lynn to a mitigated range of 7 to 9 months of incarceration due to Lynn's guilty plea and acceptance of responsibility for his crime. Nevertheless, the Sentencing Court could have sentenced Lynn to a maximum term of 14 months despite the existence of mitigating factors. <u>See Kerr</u>, 737 F.3d at 38-39 (citing <u>Edmonds</u>, 679 F.3d at 176); <u>see also Valdovinos</u>, 2014 WL 3686104, at *4, *6.

While it is unclear whether Lynn pled guilty pursuant to a plea agreement that contained a sentence cap, even if it capped Lynn's sentence at 7 to 9 months, Lynn's maximum sentence remains 14 months. <u>Valdovinos</u>, 2014 WL 3686104, at *4 (holding that when "the Structured Sentencing Act authorized a maximum sentence of 16 months' of incarceration," but the plea agreement capped the defendant's sentence at 10 to 12 months, "the sentence ultimately imposed pursuant to his plea deal was . . . irrelevant" for determining maximum punishment). Lynn's 2000 North Carolina conviction for possession with intent

to distribute heroin was punishable by imprisonment exceeding one year "based on his prior record level, offense class, and sentencing range." Id. Thus, the conviction properly qualified as a predicate offense for the career offender enhancement and for the enhanced sentence pursuant to § 851. Accordingly, Claim Eight will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Claims Six and Eight will be denied.  Lynn's § 2255 Motion will be denied.  The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Lynn fails to satisfy this standard.  Accordingly, a certificate of appealability will be denied.

17

The Clerk is directed to send a copy of this Memorandum Opinion to Lynn and counsel of record.

/s/   REP
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  September 23, 2014